IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LATANYA YAZZIE and KEVIN YANNETT,
Individually and as Personal Representatives
for the Estate of SYLEEHSA TYRA YANNETT, Deceased;

      Plaintiffs,

vs.                                                                                                 No. _____

THE UNITED STATES OF AMERICA,

      Defendant.

**COMPLAINT FOR MEDICAL NEGLIGENCE
RESULTING IN WRONGFUL DEATH
ARISING UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiffs, by and through their attorneys, Theodore W. Barudin [BARUDIN LAW FIRM, P.C.] and Gregory R. Kauffman [GREGORY R. KAUFFMAN, P.C.], for their complaint against the Defendant, United States of America, state and allege:

### I.    PARTIES AND JURISDICTION

1. This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA") for medical negligence at the Gallup Indian Medical Center located in Gallup, New Mexico and Sanders IHS located in Sanders, Arizona.

2. LaTanya Yazzie is an enrolled member of the Navajo Nation, a federally recognized tribe of Indians. Kevin Yannett is half-Navajo but is an enrolled member of the Grand Travers Band of Chippewa, Ottawa, Michigan. Plaintiffs are residents and citizens of Sanders and Houck, Arizona, respectively, within the exterior boundaries of the Navajo Nation.

3. At the time of her death, Syleesha Yannett was eligible to be an enrolled member of the Navajo Nation, a federally recognized tribe of Indians, and was a resident and citizen of Sanders, Arizona, within the exterior boundaries of the Navajo Nation.

4. Defendant, United States of America, through its agents, employees, and through the Department of Health & Human Services, Public Health Services, and Indian Health Service, all federal agencies, at all times hereinafter mentioned, did and now do, operate hospitals entitled the Gallup Indian Medical Center in Gallup, New Mexico and Sanders IHS in Sanders, Arizona where all claims of negligence arose.

5. The tort claim for which Plaintiffs sue herein arose from the acts and omissions of Defendant as alleged herein all occurring within the State of New Mexico at the Gallup Indian Medical Center.

6. In the days prior to her death, Plaintiffs sought treatment for Syleesha at both Gallup Indian Medical Center, Gallup, New Mexico, and Sanders IHS, Sanders, Arizona. Plaintiff's death ultimately occurred at the Gallup Indian Medical Center in Gallup, New Mexico.

7. If the Defendant were a private person, it would be liable to the Plaintiffs in accordance with the laws of the Navajo Nation and/or the State of New Mexico.

8. On June 26, 2006, within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to the United States Department of Health and Human Services, Public Health Service/Indian Health Service, pursuant to 28 U.S.C. §2675(a). Said agencies have failed to make a final disposition of Plaintiffs' claims within six months of presentation to Defendant. Plaintiffs deem such failure to be a denial of their claims as provided by the FTCA.

9. This Court has jurisdiction over parties and subject matter hereto pursuant to 28 U.S.C. §1346(b) and the amount in controversy, excluding costs, attorney fees, or punitive damages exceeds $75,000.00.

10. To serve the predominately Native American population of Northern Arizona and Western New Mexico, the United States Public Health Service/Indian Health Service (hereinafter "PHS/IHS") operates and maintains the Gallup Indian Medical Center and Sanders IHS where medical services are provided to qualifying members of the Native American community.

## FACTS

11. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 10 as though fully recited at length herein.

12. On February 4, 2005, five month old Syleesha was brought to Sanders IHS with a fever of 102.7° and a very high pulse rate of 176.

13. Syleesha had had diarrhea and vomiting.

14. Syleesha's right eardrum was found to be reddened, indicating an ear infection.

15. Without further meaningful assessment, and without treatment, Syleesha was sent home.

16. Later that day, February 4, 2005, Syleesha was taken to Gallup Indian Medical Center.

17. Syleesha had been pulling at her ears in obvious pain. She had been having diarrhea and had vomited recently at least nine (9) times.

18. Syleesha had a fever of approximately 102°, and had a very high pulse rate of 176.  Also, Syleesha had lost almost 6% of her body weight over the last three (3) days.

19. Syleesha's mother, LaTanya Yazzie, reported that her daughter had been seen at Sanders IHS where she was told that Syleesha had an ear infection which should go away on its own.

20. Without further meaningful assessment, Syleesha was given Auralgan ear drops and Amoxicillin and sent home.

21. Syleesha proceeded to have two (2) additional episodes of vomiting and continued diarrhea.

22. In the early morning hours of February 5, 2005, Syleesha was barely moving when awakened.

23. Syleesha was brought to Gallup Indian Medical Center.  Despite Syleesha's condition, Syleesha's mother was told to take a number and wait in the lobby until her number was called.

24. Once her number was called, Syleesha was taken into the triage area.  Her skin was mottled and she had stopped breathing.

25. Syleesha was then taken from her mother and immediately bagged, put on a monitor, intubated and CPR was started.

26. Syleesha died a short time later on February 5, 2007.  According to the medical examiner, an autopsy demonstrated that Syleesha had died from complications which had developed from her ear infection.

## COUNT I

## MEDICAL NEGLIGENCE

27. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 26 as though fully recited at length herein.

28. Pursuant to the provision of the Federal Tort Claims Act, Defendant United States of America is liable for the negligent acts, omission, and errors of its employees or agents acting with in the scope of their duties, as well as liable for any and all independent contractors who may be employed and under the control and direction of Defendants at its medical facilities.

29. At all times pertinent hereto, and as to all acts alleged herein, the physicians and other medical providers and personnel were employees or agents of Defendant, acting within the scope of their duties, and otherwise acting with the full knowledge and consent of Defendant.

30. Defendant is therefore vicariously liable for the negligent acts of the physicians and other medical personnel at Gallup Indian Medical Center.

31. Defendant owed Syleesha Yannett the duty to provide medical care of a nature and quality that was appropriate for such a patient.

32. In treating and caring for Syleesha Yannett, Defendant failed to exercise ordinary care, and this failure proximately resulted in her death.

33. Among other things, Defendant was negligent, without limitation, in the following regards:

    A. Failure to possess and apply the knowledge, skill, and care of reasonably well qualified practitioners under similar circumstances;

    B. Failure to use the utmost care when evaluating and treating Syleesha Yannett; and

    C. Failure to fully and properly examine and treat Syleesha Yannett.

34. As a direct, proximate and foreseeable result of the negligent acts and omissions of Defendant, Syleesha Yannett experienced otherwise avoidable pain and suffering culminating in her death.

35. Plaintiffs LaTanya Yazzie and Kevin Yannett also bring a claim individually for the loss of consortium caused by Defendant's negligence in depriving them of a full and enjoyable life with their daughter, Syleesha Yannett.

WHEREFORE, Plaintiffs pray for an award of damages sufficient to fully compensate Plaintiffs for all the injuries and damages described herein as follows:

1. For compensatory damages allowed by law:
2. For taxable costs;
3. For pre and post judgment interest; and
4. For such other further relief as the Court may deem proper.

    Respectfully submitted,

    BARUDIN LAW FIRM, P.C.

    By    *__Electronically filed 6-04-07__*
            Theodore W. Barudin
            7900 Menaul Blvd NE
            Albuquerque NM  87110-4606
            (505) 332-1800

    And

GREGORY R. KAUFFMAN, P.C.
Gregory R. Kauffman, MD, JD
500 Tijeras N.W.
Albuquerque, NM  87102
(505) 242-5297

*Attorneys for Plaintiffs*