IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LATANYA YAZZIE and KEVIN YANNETT,
Individually and as Personal Representatives
for the Estate of SYLEESHA TYRA YANNETT, Deceased;

    Plaintiffs,

vs.                                            No. 07-CV-574 BB/LFG

THE UNITED STATES OF AMERICA,

    Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on or before September 14, 2007, by telephone and was attended by:

Theodore W. Barudin and Gregory R. Kauffman**.** for Plaintiff(s)

Virgil H. Lewis, II for Defendant(s)

## NATURE OF THE CASE

This is a wrongful death medical malpractice claim arising under the Federal Tort Claims Act against the United States of America for the medical malpractice of the Indian Health Services at the Gallup Indian Medical Center, Gallup, New Mexico.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: None at this time.

Plaintiff(s) should be allowed until _____ to amend the pleadings and until _____ to join additional parties.

Defendant intends to file:   None at this time

Defendants(s) should be allowed until _____ to amend the pleadings and until _____ to join additional parties.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: The Gallup Indian Medical Center is a federal Public Health Services Hospital operated by the Department of Health and Human Services for the Indian Health Services.

The parties further stipulate and agree that the law governing this case is the: Federal Tort Claims Act pursuant to 28 U.S.C. §1346(b), 2671-2680 *et seq.*, the New Mexico Medical Malpractice Act, Section 41-5-1 et seq., NMSA 1978, and the New Mexico Wrongful Death Act, NMSA, 41-2-1, *et seq.*

## PLAINTIFF'S CONTENTIONS

Plaintiffs contend that health care providers at Gallup Indian Medical Center and employees of the United States Government were negligent in the care, diagnosis, and treatment they provided to Syleesha Yannett during her visits to Gallup Indian Medical Center whereby Defendant healthcare providers failed to properly treat her condition related to ottitis media, resulting in her untimely death. The failure to diagnose and properly treat ottitis media was the proximate cause and/or a contributing cause of Syleesha Yannett's death. Plaintiffs' claims against Gallup Indian Medical Center are subject to the Federal Tort Claims Act and the New Mexico Wrongful Death Act. Plaintiffs claim that the treating doctors at the facility were negligent. Further, Plaintiffs claim that

Defendant, through its doctors, nurses, pharmacists and administrators failed to apply the knowledge and use of skill and care ordinarily used by reasonable, well-qualified providers practicing under similar circumstances. Plaintiffs' claims are more fully set forth in the Complaint filed in this matter which is incorporated herein for all purposes.

## **DEFENDANT'S CONTENTIONS**

Defendant contends that its employees provided appropriate evaluation, diagnosis, and care for Syleesha Yannett. Defendant or its employees applied the knowledge and used the skill and care ordinarily used by reasonably well-qualified providers of the same type and specialty giving due consideration to the locality involved. Any injuries or damages sustained by Syleesha Yannett., alleged to have been caused by Defendant, are denied and were the result of recognized medical complications. Further, Defendant states that damages, if any, were not proximately caused by the alleged negligence.

In addition to the foregoing contentions, Defendant United States of America has asserted and restates the following affirmative defenses.

I. The Complaint fails to state a claim upon which relief can be granted.

II. The injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

III. In the event Defendant is found negligent, which negligence Defendant denies, such negligence is not the cause of fact of proximate cause of alleged damages suffered by the Plaintiffs.

IV. Plaintiffs' injuries and damages, in whole or in part, were caused by Plaintiffs' negligence.

V. Attorney's fees taken out of the judgment or settlement are governed by statute. 28 U.S.C. § 2678.

VI. Defendant is not liable for interest prior to judgment or punitive damages. 28 U.S.C. § 2674.

VII. Plaintiffs' claims for damages is limited to damages recoverable under 28 U.S.C. § 2674.

VIII. Plaintiffs' damages, if any, are limited to the amount set forth at NMSA § 41-5-6 (2007).

IX. Plaintiffs' claim for personal injury damages is subject to the statutory cap of $600,000 under N.M. Stat. Ann. § 41-5-6 (A), applicable to all acts of alleged medical malpractice occurring after April 1, 1995.

X. If Defendant was negligent, which is specifically denied, under the Federal Tort Claims Act, the United States is liable in the same manner and to the same extent as a private individual under like circumstances. Accordingly, the New Mexico Medical Malpractice Act, Section 41-5-1 et seq., NMSA 1978, applies directly or as a private party equivalent to the United States.

XI. To the extent that any of Plaintiffs' claims were not the subject of an administrative tort claim, this court lacks jurisdiction over those claims. 28 U.S.C. § 2675(a).

XII. At all times relevant to the incident or events giving rise to Plaintiffs' Complaint, Defendant and its employees possessed and applied the knowledge and used the skills and care ordinarily used by hospitals and physicians of the same type and specialty giving due regard to the locality involved.

XIII. If Syleesha Tyra Yannett, a deceased minor child, was injured and damaged by Defendant as alleged, which is specifically denied, then the injuries and damages resulted from unavoidable medical complications for which Defendant is not responsible.

XIV. Defendant violated no actionable duty owed to Plaintiffs.

XV. If Defendant was negligent, which is expressly denied, others were also negligent, and in accordance with the doctrine of comparative negligence, Defendant may only be held liable for its proportionate share of the fault, if any.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

1. Plaintiffs intend to call the following witnesses to testify at the time of trial:

|   | Name and Address | Subject Matter of Testimony |
|---|---|---|
| a. | LaTanya Yazzie<br>c/o Theodore W. Barudin,<br>Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | LaTanya Yazzie has knowledge of the death of her daughter, Syleesha Yannett including how the death has affected the lives of Syleesha's family. |
| b. | Kevin Yannett<br>c/o Theodore W. Barudin<br>Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Kevin Yannett has knowledge of the death of his daughter, Syleesha Yannett including how the death has affected the lives of Syleesha's family. |
| c. | Helen Johnson<br>c/o Theodore W. Barudin<br>Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Helen Johnson has knowledge of the death of her granddaughter, Syleesha Yannett including how the death has affected the lives of Syleesha's family. |
| d. | Dr. (First Name Unknown) Rodriguez<br>c/o Gallup Indian Medical Center<br>Post Office Box 1337<br>Gallup, NM 87305 | Dr. Rodriguez was the attending physician at Gallup Indian Medical Center on the day of Syleesha Yannett's death. |
| e. | Dr. John Ratmeyer, Deputy Chief, Pediatrics<br>c/o Gallup Indian Medical Center<br>Post Office Box 1337<br>Gallup, NM 87305 | Dr. Ratmeyer was the Deputy Chief of Pediatrics at Gallup Indian Medical Center on the day of Syleesha Yannett's death. |
| f. | Carlene Tahe, R.N.<br>c/o Gallup Indian Medical Center<br>Post Office Box 1337 | Carlene Tahe, R.N. was the nurse on duty at Gallup Indian Medical Center on the day of Syleesha Yannett's death. |

5

|   | | |
|---|---|---|
|   | Gallup, NM 87305 | |
| g. | Unknown Gallup Indian Medical Center Staff c/o Gallup Indian Medical Center | Inasmuch as discovery has not commenced, it is unknown at this time the identities of other staff who were present at the time of Syleesha Yannett's treatment and subsequent death. |
| h. | Dr. Tom Herr, Chief of Pediatrics at Fort Defiance Hospital c/o Ft. Defiance Hospital Post Office Box 649 Ft. Defiance, AZ 86504 | Dr. Herr was consulted by Dr. John Ratmeyer on February 11, 2005 regarding the death of Syleesha Yannett. |
| I. | Unknown Sanders IHS Staff c/o Sanders IHS Post Office Box 125 Sanders, Arizona 86512 | Inasmuch as discovery has not commenced, it is unknown at this time the identities of other staff who were present at the time of Syleesha Yannett's treatment on February 4, 2005. |
| j. | Dr. Jacqueline Benjamin c/o Office of the Medical Investigator MSC11 6030 1 University of New Mexico Albuquerque, NM 87131 | Dr. Benjamin performed the autopsy on Syleesha Yannett. |
| k. | Dr. Jeffrey S. Nine c/o Office of the Medical Investigator MSC11 6030 1 University of New Mexico Albuquerque, NM 87131 | Dr. Nine performed the autopsy on Syleesha Yannett. |

l.   Plaintiffs may call any other witnesses identified through discovery

m.   Plaintiffs may call any other witnesses as identified by Defendant including all expert witnesses.

2. Plaintiffs intend to call the following expert witnesses to testify at the time of trial:

    a. Plaintiffs' expert witnesses are yet to be determined.

    b. Plaintiffs may call any other witness identified through discovery

    c. Plaintiffs may call any other witness as identified by Defendant including all expert witnesses.

3. Plaintiffs intend to produce the following exhibits to be used at trial:

a. Any and all of Syleesha Yannett's medical records, pharmacy records, billing statements, summary of medical records and billing statements, OMI records, staff employee files, funeral bills and photographs;

b. Power Point presentations or other similar demonstrative evidence.

c. Any exhibit(s) identified by Defendant;

d. Any and all audio or video recordings which may be identified throughout discovery.

e. Any and all journals, treatises, articles or other authoritative resources
which may be referenced or relied upon by treating physicians or expert witnesses.

f. Any and all other material which any expert may rely upon in support of

g. Any other exhibit(s) that may be identified through discovery.

1. Defendant intends to call the following witnesses to testify at the time of trial:

    a. Kathleen Debiak, P.A.C.
    Sanders Health Clinic
    P.O. Box 125
    Sanders, Arizona

    It is anticipated that Ms. Debiak will testify as to her evaluation and care of Syleesha Yannett.

    b. John Ratmeyer, MD
    Gallup Indian Medical Center
    516 East Nizhoni Boulevard
    Gallup, New Mexico 87301
    c/o Sandra Becenti, RN Risk Manager
    (505) 722-1000

    It is anticipated that Dr. Ratmeyer will testify as to his evaluation, care and treatment of Syleesha Yannett.

    c. Jim Linzmeyer, RN

8

Gallup Indian Medical Center
516 East Nizhoni Boulevard
Gallup, New Mexico 87301
c/o Sandra Becenti, RN Risk Manager
(505) 722-1000

It is anticipated that Nurse Linzmeyer will testify as to the screening/triage process at GIMC and how Syleesha Yannett presented on February 5, 2005.

 d. Gerardo Rodriguez, MD
   Gallup Indian Medical Center
   516 East Nizhoni Boulevard
   Gallup, New Mexico 87301
   c/o Sandra Becenti, RN Risk Manager
   (505) 722-1000

It is anticipated that Dr. Rodriguez will testify as to his evaluation and care of Syleesha Yannett including the code process.

 e. James Campbell, MD
   Gallup Indian Medical Center
   516 East Nizhoni Boulevard
   Gallup, New Mexico 87301
   c/o Sandra Becenti, RN Risk Manager
   (505) 722-1000

It is anticipated that Dr. Campbell will testify as to his observations during the well child exam he performed on Syleesha Yannett on February 1, 2005.

 f. Any witness identified by Plaintiffs including the Plaintiffs themselves, and the OMI physicians involved in the autopsy.

 g. Any relevant witness(es) identified during discovery.

 h. All expert witnesses

2. Defendant has not yet identified its expert witnesses but will do so in accordance with Rule 26.

3. Defendant believes the following exhibits will be tendered at trial.

a.. All exhibits as listed by Plaintiffs or 'discovered' by any party in the course of this proceeding, including but not limited to, all medical records from any and all sources pertaining to Syleesha Yannett, deceased, including but not limited to the OMI records in this case.

b. Any and all audio or video recordings which may be identified throughout discovery.

c. Any and all journals, treatises, articles or other authoritative resources which may be referenced or relied upon by treating physicians or expert witnesses.

d. Any and all other material which any expert may rely upon in support of their opinion(s) in this case.

e. Any imaging films, pathology studies and other diagnostic studies of Syleesha Yannett, deceased, which are relevant to this claim.

Discovery will be needed on the following subjects:

Liability and damages

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party – excluding requests for admission as to authenticity of documents. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of Plaintiffs and Expert Witnesses) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by: _____

from Defendant(s) by: _____

Supplementation under Rule 26(e) due as soon as reasonable following discovery of appropriate evidence. *(set time(s) or interval(s)).*

All discovery commenced in time to be complete by _____ Discovery on *(issue for early discovery)* to be completed by not applicable. Discovery Motions must be filed no later than _____. All other Motions to be filed as required by this Court.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## **PRETRIAL MOTIONS**

Plaintiffs intend to file: None anticipated at this time.

Defendant intends to file: None at this time

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require 3 - 4 days.

 X  This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference as required by the Court.

## **SETTLEMENT**

The possibility of settlement in this case cannot be evaluated prior to discovery being completed may be enhanced by use of the following alternative dispute resolution procedure: Mediation. The parties request a settlement conference at the conclusion of discovery. The parties have already commenced settlement discussions in attempt to reach an early resolution.

**EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

***Approved and electronically filed on 9/27/07***
Theodore W. Barudin
Attorney for Plaintiffs

***Approved and electronically filed on 9/27/07***
Gregory R. Kauffman
Attorney for Plaintiffs

***Approved and electronically filed on 9/27/07***
Virgil H. Lewis, II
Attorney for Defendant